UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HARLEYSVILLE WORCESTER INSURANCE
COMPANY,

                Plaintiff,

–against–

ERIE PAINTING & MAINTENANCE, INC.,

                Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

12-CV-5937 (SLT)

**TOWNES, United States District Judge:**

On November 30, 2012, plaintiff Harleysville Worcester Insurance Company ("Harleysville"), a Pennsylvania corporation, commenced this action pursuant to 28 U.S.C. §§ 1332 and 2201(a) against one of its policyholders, defendant Erie Painting & Maintenance, Inc. ("Erie"), seeking a declaratory judgment establishing that it has no duty to defend Erie in, or indemnify Erie in connection with, tort actions brought in New York State courts by two Erie employees: Dimitrios Dovas and Enio Antonio Rodrigues. Having already filed an answer which includes counterclaims for declaratory relief, Erie—which has its only office in Cheektowaga, New York—now moves pursuant to 28 U.S.C. §§ 1404(a) and 1406(a) to transfer this action to the United States District Court for the Western District of New York (the "WDNY"), where a related action—*Erie Painting & Maintenance, Inc. v. Illinois Union Ins. Co.*, Docket No. 09-CV-940 (hereafter, the "WDNY Action")—is currently pending. Harleysville opposes that motion and cross-moves to dismiss this action or, in the alternative, transfer it pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of New York (the "SDNY") so that it may be consolidated with yet another related action: *Arch Ins. Co. v. Harleysville Worcester Ins. Co.*, Docket No. 13-CV-7350 (DLC) (hereafter, the "SDNY Action"). Erie opposes dismissal, and seeks attorney's fees if this action is voluntarily

dismissed without prejudice. For the reasons set forth below, Harleysville's motion to dismiss this action is granted, Erie's motion for attorney's fees is denied, and Erie's motion to transfer venue to the WDNY is denied as moot.

## BACKGROUND

The following facts are largely drawn from Harleysville's complaint (the "Complaint"), Erie's amended answer thereto (the "Answer"), the parties' submissions in this case, and the exhibits thereto. However, this Court has also taken judicial notice of facts reported in opinions issued by other courts in cases involving the same parties and/or facts as this case.

By its own account, Erie is a small, family-owned commercial painting business which is principally engaged in painting bridges. *See* Affidavit of Leontios Bahas in support of Erie's motion to change venue, dated June 9, 2014, ¶¶ 7, 17. Erie has entered into contracts to perform work for the New York Thruway Authority (the "Authority"), which require, *inter alia*, that Erie "defend and indemnify the Authority for any accident or injuries arising out of work performed." *Arch Ins. Co. v. Harleysville Worcester Ins. Co.*, No. 13 Civ. 7350 (DLC), 2014 WL 5454820, at *1 (S.D.N.Y. Oct. 28, 2014). Pursuant to these contracts, Erie has procured for the Authority's benefit a New York Owners and Contractors Protective Liability Policy from Arch Insurance Company ("Arch"), a Missouri corporation with its principal place of business in New York, New York. *Id.*

Erie also maintained at least two other insurance policies at times relevant to this action. First, Erie had a Commercial Automobile Policy issued by Harleysville, which covered the period between September 1, 2008, and September 1, 2010. *Id.* Second, Erie had a Commercial General Liability Policy issued by Illinois Union Insurance Company ("Illinois Union"), an Illinois corporation, which covered the period between September 1, 2009, and September 1,

2010. *Id.* The latter policy provided two million dollars of general liability insurance to Erie, but contained "an 'auto' exclusion provision." *Id.* Pursuant to its contract with the Authority, Erie named the Authority as an additional insured on both of these liability policies. *Id.*

While performing work pursuant to Erie's contract with the Authority, two of Erie's seasonal employees were injured. The first accident (hereafter, the "Dovas Accident") occurred on September 18, 2008, when an employee named Dimitrios Dovas allegedly fell from the top of a vacuum truck while attempting to repair a hole in a tube attached to some equipment which he was using to perform his work. Complaint, ¶¶ 11-13. The second accident (the "Rodrigues Accident") occurred on November 18, 2009, when an employee named Enio Rodriguez allegedly fell from an elevated platform attached to a trailer owned by Erie. *Id.*, ¶ 24. Both accidents are alleged to have occurred in the Northern District of New York. *See* 28 U.S.C. § 112(a). The Dovas Accident allegedly occurred along Route 8 in Utica, New York, Complaint, ¶ 11, which is in Oneida County. The Rodrigues Accident allegedly occurred near Exit 21 of the New York State Thruway, *id.*, ¶ 23, which is located in Greene County.

### A. *Other Litigation*

These two accidents resulted in no fewer that six lawsuits, including the instant action. Because both parties to this action argue, at least in part, for a change of venue, some of these actions must be described in some detail. This section will first discuss the actions relating to the Dovas Accident, then discuss the actions relating to the Rodrigues Accident. Section B, below, will discuss the instant action and the two motions currently pending before this Court.

*1. **The Actions relating to the Dovas Accident***

In December 2008, Dovas and his wife filed a claim against the State of New York in the New York Court of Claims, seeking damages for his injuries. Complaint, ¶ 14; Answer, ¶ 14.[1] On January 12, 2009, Erie contacted its insurance agent about filing a claim with Illinois Union under the Commercial General Liability Policy. Complaint, ¶ 15; Answer, ¶ 15. As explained in *Erie Painting & Maintenance, Inc. v. Illinois Union Ins. Co.*, 876 F. Supp. 2d 222, 226 (W.D.N.Y. 2012), the insurance agent contacted Illinois Union's broker, but that broker did not send a notice-of-claim to Illinois Union until January 20, 2009. On February 10, 2009, Illinois Union disclaimed coverage for the Dovas Accident, asserting that the notice-of-claim was late and that the "auto" exclusion applied. *Id.*

In May 2009, the State of New York filed suit against Erie in the Supreme Court of the State of New York, Oneida County, demanding indemnification and/or contribution from Erie in connection with the Dovas lawsuit. *Id.*[2] This lawsuit (hereafter, "the Oneida County Action") prompted Erie to again seek coverage from Illinois Union, which again disclaimed coverage. *Id.* On October 9, 2009, Erie commenced an Action for Declaratory Judgment against Illinois Union in the Supreme Court of the State of New York, Erie County (hereafter, "the Erie County Action"), principally seeking a declaratory judgment obligating Illinois Union to defend it, and to indemnify it for any damages awarded, in the Oneida County Action. *Id.*; *see* Complaint in WDNY Action.

---

[1] A copy of that claim is attached as Exhibit L to the Declaration of R. Scott Atwater, dated June 9, 2014 (the "Atwater Declaration"), which has been submitted by Erie in support of its motion to change venue.

[2] A copy of the Verified Complaint in that action is attached as Exhibit M to the Atwater Declaration.

4

On November 2, 2009, the Erie County Action was removed to federal court on diversity grounds and thereby became the WDNY Action. Illinois Union's answer in that action included a counterclaim against Erie, alleging jurisdiction under 28 U.S.C. §§ 1332 and 2201. However, Illinois Union did not file a third-party complaint against either of the other insurers and the WDNY Action relates solely to the Dovas Accident.

Both Erie and Illinois Union cross-moved for summary judgment in the WDNY Action in early 2012, but those motions were denied by Judge Skretny on June 25, 2012. *See Erie Painting*, 876 F. Supp. 2d at 234. According to Judge Skretny's minute entries for status conferences conducted on October 1, November 15, and December 17, 2012, Erie and "three insurance companies" then engaged in mediation before a state-court judge. The minute entry for a status conference conducted by Judge Skretny on May 29, 2013, indicates that the Court of Claims case brought by Dovas and his wife ultimately settled. That settlement apparently involved a "Funding and Reservations of Rights Agreement," pursuant to which Arch agreed to pay $375,000, Harleysville paid $187,500, and Illinois Union paid $187,500. *Arch*, 2014 WL 5454820, at *2.

That settlement did not resolve the WDNY Action. Trial in the WDNY Action was originally scheduled for April 8, 2014, but the trial has been adjourned *sine die* pending resolution of Erie's motion to change venue in this case and its motion to dismiss the SDNY Action. In a minute entry for the most recent status conference in the WDNY Action, held on September 25, 2014, Judge Skretny noted that Erie's venue motion in this action and Erie's

5

motion to dismiss the SDNY action were still pending, but that mediation in the SDNY Action could potentially resolve the WDNY Action.

## 2. *The Actions relating to the Rodrigues Accident*

In September 2011, Rodrigues filed a claim against the Authority in the New York Court of Claims.[3] In December 2011, the Authority sued Erie and another defendant in the Supreme Court of the State of New York, Queens County (hereafter, the "Queens County Action"), demanding indemnification and/or contribution from those defendants in connection with Rodrigues's claim.[4] Although the Authority contacted Illinois Union and Harleysville in connection with Rodrigues Accident, both insurers disclaimed coverage. *Arch Ins. Co. v. Harleysville Worcester Ins. Co.*, No. 13 Civ. 7350 (DLC), 2014 WL 3377124, at *3 (S.D.N.Y. July 7, 2014). Illinois Union claimed that the trailer from which Rodrigues allegedly fell constituted an "auto," and disclaimed coverage on the basis of the "auto" exclusion in its policy. *Id.* Harleysville, in contrast, claimed that the trailer was not an "auto," but a piece of "mobile equipment," and disclaimed coverage based on a "mobile equipment" exclusion in its policy. *Id.*

Sometime during the first half of 2013, Rodrigues's Court of Claims action was resolved. Arch and Harleysville entered into a Funding and Reservation of Rights Agreement which provided, *inter alia*, that Arch would pay $500,000 and that Harleysville would contribute $250,000. Arch, 2014 WL 5454820, at *2. About four months later, on October 18, 2013, Arch commenced an action against Harleysville and Illinois Union in the United States District Court for the Southern District of New York (hereafter, the "SDNY Action"). Although the complaint

---

[3]A copy of that claim is attached as Exhibit N to the Atwater Declaration.

[4]A copy of the Verified Complaint in the Queens County Action is attached as Exhibit O to the Atwater Declaration.

in that action has been twice amended—once in November 2013 and again in March 2014—all of the complaints relate solely to the Rodrigues Accident; allege jurisdiction based on 28 U.S.C. §§ 1332 and 2201; and principally seek a declaratory judgment providing that the exclusions on which Harleysville and Illinois Union relied in disclaiming coverage are inapplicable. The two amended complaints also seek to recover the $500,000 and the costs which Arch expended in defending the Authority.

Harleysville's answer to the Arch's First Amended Complaint, however, included a counterclaim against Arch, a cross-claim against Illinois Union, and a third-party complaint against Erie. Unlike Arch's pleadings, which relate solely to the Rodrigues Accident, Harleysville's pleadings relate to both the Rodrigues and Dovas Accidents. Thus, Harleysville's pleadings in the SDNY Action—which were amended after Arch filed its Second Amended Complaint—seek essentially the same relief which Harleysville seeks in the instant action.

The SDNY Action—like the WDNY Action—is still pending. In an opinion and order dated July 7, 2014, Judge Cote granted Illinois Union's motion to dismiss Arch's Second Amended Complaint. *Arch*, 2014 WL 3377124 at *1, *8. However, in an opinion and order dated October 28, 2013, Judge Cote denied Erie's motion to dismiss Harleysville's amended counterclaim and amended third-party claim against Erie. *Arch*, 2014 WL 5454820, at *1, *7.

### B. *The Instant Action and the Pending Motions*

This action, like the SDNY Action, pertains to both the Dovas Accident and the Rodrigues Accident. On November 30, 2012, Harleysville commenced this action against Erie, alleging subject-matter jurisdiction under 28 U.S.C. §§ 1332 and 2201. Harleysville's pleading principally seeks a declaratory judgment permitting it to terminate its defense of Erie in the Oneida County Action and the Queens County Action, and establishing that it has no duty to

indemnify Erie in connection with those actions. Erie's answer, filed on January 31, 2013, contains counterclaims against Harleysville, seeking a judgment declaring that Harleysville was obligated to defend, and indemnify it for any damages recovered in, both the Oneida County Action and the Queens County Action. However, Erie has not filed a third-party complaint, so the Instant Action involves only Harleysville and Erie.

Both Erie and Harleysville have motions currently pending before the Court. Erie moves pursuant to 28 U.S.C. §§ 1404(a) and 1406(a) to transfer venue to the WDNY. In a nutshell, Erie argues that most of the relevant witnesses reside in the WDNY; that litigating in this Court will be disruptive to Erie, which has its only office in the WDNY; and that there is a risk that the findings in this case will be inconsistent with the findings in the WDNY Action, since Harleysville is not a party to that case. *See* Defendant's Memorandum of Law in Support of its Motion to Transfer Venue ("Defendant's Memo"), p. 1.

Harleysville principally argues that this Court should dismiss this action as duplicative of the SDNY Action, but also argues, in the alternative, that this Court should transfer this case to the SDNY pursuant to 28 U.S.C. § 1404(a) so that it can be consolidated with the SDNY Action. Erie opposes dismissal, but solely on the ground that this action was filed before Harleysville filed its answer to Arch's First Amended Complaint in the SDNY Action. Relying on the "first-in-time filing rule," Erie implies that the SDNY Action should be dismissed in favor of this action and that it has already raised that issue in "a motion to dismiss Harleyville's amended third-party action/counterclaim ... filed on April 15, 2014 ...." Erie's Memorandum of Law in Opposition to Harleysville's Motion to Dismiss ("Erie's Opposition"), p. 10. Erie also argues that it "should be entitled to attorneys' fees in defense of this action" if the Court deems dismissal appropriate under Rule 41(a)(2) of the Federal Rules of Civil Procedure. *Id.*, p. 11.

## DISCUSSION

### I. Harleyville's Motion for Dismissal

As the Supreme Court has long recognized, the Federal Declaratory Judgments Act, 28 U.S.C. § 2201 *et seq.*—which is cited as a basis for subject-matter in the complaints filed in this action and the SDNY Action and in the counterclaim in the WDNY Action—"has created complicated problems for coordinate courts." *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952). This Act provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration ...." 28 U.S.C. § 2201(a) (brackets and ellipses added). This Act facilitates "the initiation of litigation by different parties to many-sided transactions," *Kerotest Mfg.*, 342 U.S. at 183, which often results in duplicative lawsuits.

It is well settled that a district court, as "part of its general power to administer its docket," has discretion to "stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). However, since "[t]he complex problems that can arise from multiple federal filings do not lend themselves to a rigid test," *id.*, "no precise rule has evolved" that governs the exercise of that discretion. *Colorado River*, 424 U.S. at 817. Rather, a district court must "consider the equities of the situation when exercising its discretion," *Curtis*, 226 F.3d at 138, "giving regard to conservation of judicial resources and comprehensive disposition of litigation ...." *Kerotest Mfg.*, 342 U.S. at 183.

While there may be no "rigid test" or "precise rule," the Second Circuit has endorsed the following "well-settled principle": "that [w]here there are two competing lawsuits, the first suit

should have priority, absent the showing of balance of convenience ... or ... special circumstances ... giving priority to the second." *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (internal quotations and citations omitted; brackets and ellipses in original). "Deference to the first filing 'embodies considerations of judicial administration and conservation of resources.'" *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (quoting *First City Nat'l Bank*, 878 F.2d at 80). Although "[t]he decision whether or not to stay or dismiss a proceeding rests within a district judge's discretion, ... a district court can go beyond the allowable bounds of discretion when it refuses to stay or dismiss a duplicative suit." *Id.* (brackets and ellipsis added; internal quotations omitted).

In this case, there are competing federal lawsuits which duplicate at least portions of this action. The first-filed lawsuit is the WDNY Action, which was filed in 2009. However, that lawsuit relates only to the Dovas Accident, one of the two accidents at issue in the instant action. Moreover, the WDNY Action, which is currently awaiting trial, involves only Erie and Illinois Union—one of the three insurance companies which entered into the "Funding and Reservations of Rights Agreement" which resolved the Court of Claims case brought by Dovas and his wife.

In contrast, the last-filed lawsuit—the SDNY Action—involves both of the accidents at issue in the instant action. Furthermore, Erie and all three insurance companies are currently parties to the SDNY Action. Thus, this action—which relates to both the Dovas and Rodriguez Accidents but involves only Erie and Harleysville—and the WDNY Action are subsumed within the SDNY Action.

Although Erie's Opposition argues that Harleysville's motion to dismiss the instant action should be denied, that argument is based solely on the principle that deference should be afforded to the first-filed action. Because this case is not the first action filed with respect to the Dovas

Accident, Erie's argument does not militate against dismissal, but rather in favor of dismissing at least the claims involving the Dovas Accident from this action. Moreover, the question of whether the SDNY Action should be dismissed in favor of earlier-filed actions must be raised before the SDNY.

Indeed, Erie's Opposition expressly notes that it has already raised that question in "a motion to dismiss Harleyville's amended third-party action/counterclaim ... filed on April 15, 2014 ...." Erie's Opposition, p. 10. In that motion, Erie urged Judge Cote to dismiss the SDNY Action in favor this action, noting that Harleysville was seeking virtually the same relief in this earlier-filed action. However, Judge Cote rejected that argument, stating:

> The SDNY Action is the only pending action where Arch, Illinois Union, Harleysville, and Erie are all joined and thus presents the most complete opportunity to litigate fully the rights and responsibilities of the respective parties. Furthermore, Harleysville has offered to dismiss the EDNY Action in favor of the SDNY Action. Only Erie's refusal to consent to the dismissal keeps the EDNY Action active.

*Arch*, 2014 WL 5454820, at *5.

Judge Cote's opinion did not acknowledge the principle of giving deference to the first-filed lawsuit or explicitly discuss the "balance of convenience ... or ... special circumstances" that might justify disregarding this principle. However, Judge Cote correctly noted that the SDNY Action is the only one of the three competing federal lawsuits that involves both the Dovas and Rodrigues Accidents and in which Erie and all three insurers are currently parties. Accordingly, the SDNY Action is currently the only one of the three lawsuits which might result in comprehensive disposition of the litigation involving the two accidents. Furthermore, regardless of the correctness of Judge Cote's ruling, that ruling has not been appealed and the SDNY Action

will remain pending. Since this action is entirely duplicative of the SDNY Action, continuing this action would not only waste judicial resources, but also could result in inconsistent rulings.

None of the parties to this action urge this Court to continue to exercise jurisdiction. Harleysville, which has previously expressed a willingness to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(2), argues that this Court should either dismiss the instant action or, in the alternative, transfer it to the SDNY. While Erie opposes dismissing this action—thereby preventing this Court from dismissing the action pursuant to Fed. R. Civ. P. 41(a)(2)[5]—it urges the Court to transfer this action to the WDNY.

To resolve this motion, this Court need not adjudicate the question of whether the WDNY or the SDNY is the appropriate venue for this lawsuit. Rather, this Court need only conclude that this action is duplicative and that the EDNY is not the appropriate venue for resolving the issues raised in the action. For the reasons set forth above, this Court concludes that this action should be dismissed. The WDNY Action was the first action filed with respect to the Dovas Accident, and Judge Cote continues to exercise jurisdiction over the SDNY Action which encompasses all of the claims in this action. Moreover, none of the actions or omissions giving rise to this action occurred in this district, the parties have no connection to this district, and do not wish to continue litigating here. Accordingly, this action is dismissed.

## II. Erie's Application for Attorney's Fees

Erie also argues that, if the Court grants dismissal under Fed. R. Civ. P. 41(a)(2), Erie "should be entitled to attorneys' fees in defense of this action." Erie's Opposition, p. 11. In

---

[5]Rule 41(a)(2) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."

12

support of that argument, Erie's Opposition cites to two lines of cases: (1) those involving dismissals without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and (2) those in which a party litigated frivolously or in bad faith. Neither of these lines of cases is applicable here.

First, Erie correctly cites to *Colombrito v. Kelly*, 764 F.2d 122 (2d Cir. 1985), and progeny for the proposition that "[f]ee awards are often made when a plaintiff dismisses a suit *without prejudice* under Rule 41(a)(2)." *Colombrito*, 764 F.2d at 133 (brackets added; citations omitted; emphasis in original). However, those fee awards serve "generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Id.* In this case, however, dismissal serves to eliminate duplicative litigation and to save all parties the expense of litigating two actions. Accordingly, this rationale for awarding fees is plainly inapplicable to this case.

The second line of cases involves the "bad faith" exception to the "American Rule"—the rule which provides that "every party to a case bears its own attorneys' fees, and a court will not ordinarily assess such fees except to the extent that the assessment is specifically authorized by Congress." *Browning Debenture Holders' Committee v. DASA Corp.*, 560 F.2d 1078, 1087 (2d Cir. 1977) (citing cases). Under the "bad faith" exception, a district court may award attorneys' fees "upon a showing that [a] claim is 'entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons.'" *Colombrito*, 764 F.2d at 133 (quoting *Browning Debenture Holders' Committee*, 560 F.2d at 1088) (brackets added). The fact that an action may be meritless or brought for improper motives, however, does not justify an award of attorney's fees. *See id.*

In this case, Erie does not even contend that this action is "entirely without color" or was brought for any improper purposes. At the time this action was commenced, there were no other federal actions regarding the Rodrigues Accident, or any other cases seeking a judicial declaration of Harleysville's obligations with respect to either the Dovas or Rodrigues Accidents. Although Harleysville subsequently filed a third-party complaint against Erie in the SDNY Action which raised the same claims as Harleysville's pleading in this action, such duplication of claims is commonplace in cases brought under Federal Declaratory Judgments Act. See *Kerotest Mfg.*, 342 U.S. at 183. Moreover, Harleysville sought to spare Erie the expense of engaging in duplicative litigation by seeking to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(2). It was Erie who opposed dismissal, thereby causing all parties to engage in this unnecessary motion practice.

## *CONCLUSION*

Having carefully considered the equities of the situation presented by the competing federal lawsuits discussed above, this Court, in the exercise of its discretion, grants Harleysville's motion to dismiss this action. Erie's motion for attorneys' fees in connection with this litigation is denied. Erie's motion to transfer venue to the WDNY is denied as moot.

**SO ORDERED.**

/s/ Sandra L. Townes
_____
/SANDRA L. TOWNES
United States District Judge

Dated: November 25, 2014
      Brooklyn, New York